TYMKOVICH, Circuit Judge,
concurring.
I concur in the opinion but write separately to make two points. The first is about the Internet. The development and growth of the Internet over the past fifteen years complicates the statutory analysis in this case. We all know now that virtually every transmission over the Internet (especially web site access) crosses state boundaries, and quite often international borders. See, e.g., T. Bonnett, Is ISP-Bound Traffic Local or Interstate?, 53 Fed. Comm. L.J. 239, 264-68 (March 2001). In this case, I have no doubt the images traveled across state and national borders.
Having said that, the statute of conviction, 18 U.S.C. § 2252(a)(2) and (a)(4), requires evidence of such a transmission. The government asserts that the record contained such evidence, but, as the opinion demonstrates, it did not. Nor has the *1208 government asked us to take judicial notice of the ubiquitous interstate nature of the Internet. Given the architecture of the Internet, it is vanishingly remote that an image did not cross state lines. Another case may well be a candidate for judicial notice of this issue.
My second point is about the evidence in this case. Typically, the evidence of the interstate element is readily presented by the prosecution, or can be gleaned from the record. Most Internet cases, for example, include testimony regarding the location of the servers accessed by defendant, or some other evidence that reveals the interstate character of the particular transmissions at issue. See, e.g., United States v. Wollet, 164 Fed.Appx. 672 (10th Cir.2006) (interstate movement of images could be inferred because Oklahoma resident used AOL as his Internet service provider and all AOL servers are located outside the state). This is not such a case. And for that reason, I must reluctantly conclude that the evidentiary failure constitutes plain error under our case law.